KUZEK v. MAGAHA et al.

(Circuit Court of Appeals, Ninth Circuit. November 2, 1906.)

No. 1,220.

1. ACTION—LEGAL OR EQUITABLE.
   A suit to recover a stated per cent. of the proceeds of gold taken from a mining claim leased by plaintiff to defendant in accordance with the terms of the lease, to obtain an injunction restraining defendant from making any further extraction of gold from the premises, to obtain an accounting of the gold taken under the lease, and the appointment of a receiver to hold the property pending the litigation is essentially one in equity, and an equitable defense thereto may be interposed.

2. APPEAL—MATTERS REVIEWABLE—RULINGS ON EVIDENCE.
   In a suit in equity, the appellate court will not consider assignments of error based on rulings on the admissibility of evidence.
   [Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, §§ 3367, 4185.]

Appeal from the District Court of the United States for the Second Division of the District of Alaska.

A. J. Bruner, Elwood Bruner, Chas. Page, Edward J. McCutcheon, and Samuel Knight, for appellant.

Ira D. Orton, J. C. Campbell, W. H. Metson, and F. C. Drew, for appellees.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

ROSS, Circuit Judge. It is insisted on behalf of the appellant that this action was one at law, and that the court below committed such palpable error in entertaining and sustaining the equitable defense thereto that this court should consider such error in the absence of an assignment of error in that regard. If counsel be correct in that contention, the necessary result would be a dismissal of the appeal; for it is the well-settled rule that errors committed in an action at law are reviewable here only by means of a writ of error. But it is clear from the complaint itself that the suit is of an equitable nature, and was so treated by the respective parties in the trial court. It was brought by the appellant to recover 75 per cent. of the gross proceeds of gold taken from a certain mining claim leased by him to the appellee, in accordance with the terms of a certain written lease set out in the complaint, to obtain an injunction restraining the defendant in the suit from making any further extraction of gold from the premises, to obtain an accounting of the gold already extracted by him, and the appointment of a receiver to take and hold the property pending the litigation. Nothing more need be said to show that the suit was essentially one in equity. Therefore the defendant thereto was plainly entitled to set up in defense, as he did, that the 75 per cent. of the gross proceeds provided by the lease set up in the complaint to be paid to the lessor was intended by the parties thereto to be 25 per cent. only, and that the figures 75 were inserted, instead of the figures 25, by the mutual mistake of the parties, and that accordingly the lease should be reformed, and the rights of the respective parties fixed in accordance with such reformation.

In the giving of the evidence upon that controverted question, exceptions were reserved by the appellant to various rulings of the trial court, which are here assigned as error, and upon which, in accordance with the practice prevailing in equity cases, we do not rule upon. It is sufficient to say that we find in the record ample evidence to sustain the findings of the court to the effect that the mistake claimed by the appellee was made, and that the real agreement of the parties provided for the payment to the lessor by the lessee of 25 per cent. only of the gross proceeds of the leased ground.

The judgment is affirmed.

MORROW, Circuit Judge, took no part in this decision.